## HILLS et al. v. ERHARDT, Collector.

(Circuit Court, S. D. New York. October 10, 1893.)

CUSTOMS DUTIES—CLASSIFICATION—"CANDIED CITRON."

.  Candied citron, being the rind or peel of the citron fruit prepared by pickling in strong brine, then cutting the fruit into halves or quarters, and soaking in fresh water to extract the brine, afterwards boiling in sugar syrup until the fruit is thoroughly saturated with the sugar, thereafter drying the same until the syrup has drained off, and then glazing the fruit with another preparation of sugar, the article when so finished and imported being in a soft and semitransparent condition, and packed in drums or boxes,—*held* properly dutiable as classified by the defendant, collector of customs at the port of New York, as "fruit in sugar," at 35 per cent. ad valorem, under Schedule G of the tariff act of March 3, 1883, (Tariff Ind., New, par. 302,) providing for "comfits, sweetmeats, or fruits preserved in sugar, spirits, syrup, or molasses, not otherwise specified or provided for in this act, and jellies of all kinds, thirty-five per centum ad valorem," and not duty free as "dried fruit," under the provision of the free list of said tariff act, (Tariff Ind., New, par. 704,) which is as follows: "Fruits, green, ripe, or dried, not specially enumerated or provided for in this act."

### At Law.

Action brought by the plaintiffs, importers, against the defendant, collector of customs at the port of New York, to recover the amount of an alleged overpayment of duties on certain merchandise imported by the plaintiffs during the months of May, July, and September, 1889, which merchandise was classified for duty by the defendant collector, as "fruit in sugar," at 35 per centum ad valorem, under the provisions of Schedule G (Tariff Ind., New, par. 302) of the tariff act of March 3, 1883, which is as follows: "302. Comfits, sweetmeats, or fruits preserved in sugar, spirits, sirup, or molasses, not otherwise specified or provided for in this act, and jellies of all kinds, thirty-five per centum ad valorem." Against this classification the plaintiffs duly protested, claiming that their merchandise was duty free, as "dried fruit," under the provision of the free list of the same tariff act, (Tariff Ind., New, par. 704,) which is as follows: "704. Fruits, green, ripe, or dried, not specially enumerated or provided for in this act."

Thereafter plaintiffs duly appealed to the secretary of the treasury, who affirmed the decision of the collector. The present suit was duly commenced within the period provided by law for the recovery of the amounts of duties alleged to have been overpaid. On the trial it was shown by witnesses for the plaintiffs that the merchandise in question was prepared from the citron fruit grown in Italy; that the fruit, when gathered, was at once put into a strong pickle of brine, and kept therein often for a period of months; that, after such pickling, the fruit was cut into halves or quarters, and thoroughly soaked in fresh water, so as to entirely exclude the brine; that the next process was boiling the fruit in a syrup composed of sugar and water; that, after such boiling, the pieces of the rind or peel were placed upon shelves, so that the syrup might drain off, and leave the fruit comparatively dry; that the concluding process of manufacture was the glazing of the fruit by a further application of sugar, leaving the article in a soft, semitransparent condition, and thoroughly saturated with sugar, although none of the syrup remained in a liquid state in the packages or drums in which the merchandise was packed for the market. A number of witnesses were produced by the plaintiffs from the wholesale trade in this country dealing in this article, whose testimony tended to show that the goods were known in trade and dealt in as "candied citron" or "Leghorn citron," and were regarded as coming within the general class of "dried fruits," and designated under that class in certain well-known trade journals. Some testimony was also offered in behalf of the plaintiffs that the terms "comfits" and "sweetmeats" were restricted in trade to fruits or articles of confectionery, and did not include

the candied citron in question; also that "preserved fruits" or "fruits preserved in sugar" included in the wholesale trade only the class of articles put up in bottles or jars with liquid syrup, and in a condition to be used upon the table without further culinary or other preparation; that the "candied citron" in question was never used except as introduced into cakes, pies, or other pastries, and subject to a further process of cooking in such use.

On behalf of the defendant the testimony of several witnesses from the wholesale trade was produced, tending to show that the term "dried fruits," as understood in trade at the date of the passage of the tariff act, included properly those fruits which had been subjected only to a process of drying or dessicating either by natural or artificial heat, such as apples, peaches, plums, raisins, figs, and the like, and did not include the "candied citron" in question, which, although partially dried, was in reality a fruit which had been and was preserved by a treatment in sugar, known and generally dealt in commercially by the terms "candied citron" or "Leghorn citron;" that the terms "comfits" and "sweetmeats" had no restricted trade meaning other than the commonly understood meaning of those words as given in the dictionaries; and that the description "fruits preserved in sugar" likewise had no restricted trade meaning confining that term to any particular kind or class of fruits, the preservation of which was insured by the presence of sugar in liquid form or otherwise.

At the close of the testimony motions for a direction of a verdict were made by plaintiffs and defendant respectively, and denied by the court.

Comstock & Brown, for plaintiffs.

Edward Mitchell, U. S. Atty., and James T. Van Rensselaer, Asst. U. S. Atty., for defendant.

LACOMBE, Circuit Judge, (charging jury.) The collector of the port laid upon this article a duty of 35 per cent. The importers claim that he was wrong in so doing, and that the article should pay no duty, and in support of their contention they referred to a paragraph in the free list, (par. 704,) which reads: "Fruits, green, ripe, or dried, not specially enumerated or provided for in this act." Now, this article is a fruit, and it is dried; therefore it would be within the general designation of that paragraph, unless testimony should satisfy you that the phrase "dried fruits" had acquired some particular trade meaning, which excluded this particular article.

The first question, then, for you to determine is this: whether there is in the trade and commerce of this country which deals in articles like this such a special meaning for the phrase "dried fruits" as will exclude this citron. If you reach that conclusion, then (the article not being within the paragraph under which the plaintiffs seek to classify it) your verdict must be for the defendant. If, however, you reach the conclusion either that there is no trade meaning for the phrase "dried fruits" which excludes citron, or that there is some trade meaning to the phrase "dried fruits" which includes citron, you still have another question to pass upon. The paragraph I have read, you will notice, is qualified with a proviso. It is: "Fruits, green, ripe, or dried, not specially enumerated or provided for in this act." So, although this citron be a dried fruit in fact, although you reach the conclusion that it is also a dried fruit in commerce, if it is specially provided for elsewhere in the tariff act, then it is that special provi-

sion that we must turn to for its rate of duty. The government claims that it is provided for specially under paragraph 302, which reads: "Comfits, sweetmeats, or fruits preserved in sugar, spirits, syrup, or molasses, not otherwise specified or provided for in this act."

The second question, then, which you are to determine is this, namely, is this article within the trade meaning of that particular phrase, that particular enumeration, "comfits, sweetmeats, or fruits preserved in sugar?" If you reach the conclusion that the article is, according to the commercial understanding of terms, included within that enumeration, "comfits, sweetmeats, or fruits preserved in sugar," your verdict must be for the defendant, because that is what the collector said it was. If, on the contrary, you reach the conclusion that it is not included in the understanding of trade and commerce and among commercial men who deal in these articles in the enumeration "comfits, sweetmeats, or fruits preserved in sugar," then your verdict must be for the plaintiffs. In neither event will you concern yourselves with the amount of dollars involved, for that will be added to the verdict. Your verdict will be either for the plaintiffs or for the defendant.

The United States Attorney: I ask your honor to charge further that if the jury finds on all the testimony—

The Court: I will charge this: From the definitions which have been read here from the dictionary it is apparent that if the dictionary is the final resort to determine the meaning of the phrase of the tariff act, this enumeration of "comfits, sweetmeats, or fruits preserved in sugar" is broad enough to cover these articles; but I further charge that in the interpretation of tariff acts, and in the construction of them, the dictionary is not the final authority. Tariff acts are framed for the dealings of commercial men, and the regulations of the trade of the country; and if names and phrases have acquired a peculiar meaning in that trade and commerce, which is not the same as that of the dictionary, we are to be guided by the trade meaning, and not by the dictionary meaning.

The United States Attorney: I ask your honor to charge that the presumption is that the collector classified them properly.

The Court: I do so charge. The collector is a public officer, and the presumption is that a public officer discharges his duty. It was his duty to classify these articles correctly. The case comes into court, therefore, with that presumption, and it is for the plaintiffs to satisfy you by a fair preponderance of proof that there was some error in the collector's classification.

Verdict for defendant.